**KOCH SUPPLIES, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent,**

**and**

**Elke Musy, Intervenor-Respondent.**

No. 80–1573.

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1981.

Decided April 17, 1981.

Rehearing and Rehearing En Banc Denied May 26, 1981.

---

Smith, Gill, Fisher & Butts, Inc., H. Fred Northcraft, F. Lee Major, III (argued), Kansas City, Mo., for petitioner.

Howard E. Perlstein, and R. Michael Smith (argued), Attys., William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Assoc. Gen. Counsel, Elliott Moore, Deputy Assoc. Gen. Counsel, N. L. R. B., Washington, D.C., for respondent.

Before HEANEY and HENLEY, Circuit Judges, and PECK,* Senior Circuit Judge.

PER CURIAM.

Koch Supplies, Inc., asks this Court to review and set aside an order of the National Labor Relations Board. The Board found that Koch had violated section 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 151, *et seq.*, by discharging Elke Musy for protected union activities. *Koch Supplies, Inc.*, 249 N.L.R.B. 160, 104 L.R. R.M. 1334 (1980). The Board asks that we enforce its order. We refuse to do so because we do not believe that substantial

---

* JOHN W. PECK, U. S. Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

evidence on the record as a whole supports the Board's findings that Musy was discharged because she engaged in protected union activities.

The critical issue is whether Musy, a highly competent bilingual secretary, was discharged because of her own *personal* persistent griping, or because she presented employee complaints to management in order to benefit herself and her fellow workers. Section 7 of the National Labor Relations Act grants to employees the right "to engage in * * * concerted activities for the purpose of collective bargaining or other mutual aid or protection * * *." 29 U.S.C. § 157 (1976). Section 8(a)(1) of the Act makes it an unfair labor practice for an employer "to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 7." 29 U.S.C. § 158 (1976). Thus, for employees' activities to be protected under the Act, the activities must be concerted. *See N.L.R.B. v. Dawson Cabinet Co.*, 566 F.2d 1079, 1082 (8th Cir. 1977). The concerted activities need not take place in a union setting and it is not necessary that a collective bargaining agreement be in effect. It is sufficient that the employee intends or contemplates, as an end result, group activity which will also benefit some other employees. *Keokuk Gas Serv. Co. v. N.L.R.B.*, 580 F.2d 328, 333–334 (8th Cir. 1978). To state the matter simply, if an employee's actions constitute mere *personal* griping or complaining, then the actions are not entitled to protection. On the other hand, if the employee's efforts are intended to gain more favorable contract terms for himself or herself, then there is some element of collective activity or contemplation thereof, and the employees' efforts are protected. *See N.L.R.B. v. Buddies Supermarkets, Inc.*, 481 F.2d 714, 717–718 (5th Cir. 1973); *Mushroom Transportation Co. v. N.L.R.B.*, 330 F.2d 683, 684–685 (3rd Cir. 1964).

We are convinced from a careful review of this record that substantial evidence on the record as a whole does not support the Board's finding that Musy intended or contemplated, as an end result of her conversations with management, to benefit employees other than herself in their status as employees.

Musy was upset because she did not receive a promotion. Thereafter, she vigorously protested the company's promise of vacation benefits to a new employee, benefits which she stated were contrary to established company policy. No group action was ever discussed and all of the employees who testified denied any interest in Musy's gripes. There is no evidence in the record from which it can be inferred that such action was contemplated.

The Board justifies its holding, in part, on the theory that because vacations are generally a matter of common interest, Musy's complaints with respect to them are protected. This theory is insufficient justification; something more is required. It must be shown that Musy intended that her activities would relate to group action. *N.L.R.B. v. Buddies Supermarkets, Inc.*, *supra*, 481 F.2d at 718. The requisite showing was not made.

Koch Supplies' petition to review and set aside the order of the Board is granted; the Board's cross-application for enforcement of its order is denied.