David D. SUTHERLAND, d/b/a Maaco
Auto Painting and Body
Work, Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

No. 80–1678.

United States Court of Appeals,
Eighth Circuit.

Submitted April 16, 1981.

Decided April 21, 1981.

Robert L. Rausch, Cutler & Rausch, Waterloo, Iowa, for petitioner.

Allison W. Brown, Jr. and James D. Donathen, William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., for respondent.

Before HEANEY, STEPHENSON and McMILLIAN, Circuit Judges.

PER CURIAM.

David D. Sutherland, d/b/a Maaco Auto Painting and Body Work, petitions this Court to review and set aside an order of the National Labor Relations Board. The Board found that Maaco had violated section 8(a)(1) of the National Labor Relations Act by discharging Donald Rubino for engaging in protected concerted activity. The Board ordered Maaco to cease and desist, and also ordered Rubino's reinstatement with back pay. *David D. Sutherland, d/b/a Maaco Auto Painting and Body Work*, 249 N.L.R.B. No. 184, 104 LRRM 1323 (1980). The Board requests that we enforce its order. The two questions raised on appeal are (1) whether the Board properly asserted jurisdiction over the dispute, and (2) whether substantial evidence supports the Board's finding of a section 8(a)(1) violation.

After careful review of the entire record, we hold that the Board properly exercised jurisdiction of this matter under its non-retail standard. *Siemons Mailing Service*, 43 LRRM 1056, 1058 (1958). The company's records show that it grossed over $50,000 from non-retail services provided to automobile dealerships and truck companies, themselves subject to the Board's jurisdiction; and that it purchased over $50,000 worth of goods from points outstate. The fact that Sutherland had purchased the company and had managed it for less than a year does not affect the Board's jurisdiction. *Cf. Aroostook Fed'n of Farmers, Inc.*, 36 LRRM 1611, 1611 (1955); *Reliable Roofing Co.*, 103 LRRM 1006, 1007 (1979).

We are also convinced, after reviewing the entire record, that substantial evidence supports the Board's finding that the company violated section 8(a)(1) by discharging Rubino for engaging in protected concerted activity. The National Labor Relations Act guarantees employees the right to engage in concerted activity that is intended for the employees' mutual aid and protection. It is clear that when employees join together and seek, through their actions, better terms, tenure or working conditions, that activity is protected under section 7 of the Act. *Crenlo, Division of G. F. Business Equip., Inc. v. N. L. R. B.*, 529 F.2d 201, 204 (8th Cir. 1975); *Koch Supplies, Inc. v. N. L. R. B.*, 646 F.2d 1257, 1259 (8th Cir. 1981). Moreover, it is well settled that when an employee is discharged for engaging in protected union activity, that discharge is in violation of section 8(a)(1) of the Act. *Koch Supplies, Inc. v. N. L. R. B., supra,* at 1259.

The record clearly demonstrates that Rubino and another employee met with Sutherland and told him that the other employees, as well as themselves, were dissatisfied with their wages and the fact that all the employees were not equally paid for equal work. Moreover, they were upset about the company's decision to shelve its employee bonus system.[1] Finally, they told Sutherland that some of the employees were unhappy about the working conditions in the shop. The evidence clearly shows that Rubino and his coworker approached Sutherland in an effort to bring about changes beneficial to themselves and the other employees. These are classic forms of concerted activity. *See N. L. R. B. v. Sencore, Inc.*, 558 F.2d 433, 434 (8th Cir. 1977).

This is not a case involving the mere personal griping of a single employee who has no intention to benefit other coworkers. *Koch Supplies, Inc. v. N. L. R. B., supra.* Here, Rubino was clearly engaged in pro-

---

1. We note that the record does not support the company's contention that Rubino was seeking unlawful bonuses for himself and the other employees.

tected concerted activity, and he was discharged for it. His discharge was in violation of section 8(a)(1) of the Act.[2]

The order of the Board is enforced.

2. We agree with the Board that the fact that Rubino may have been classified as a proba-tionary employee should not affect the ruling of this Court.