David D. SUTHERLAND, d/b/a Maaco Auto Painting and Body Work, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 80–1678.

United States Court of Appeals, Eighth Circuit.

Aug. 17, 1981.

Robert L. Rausch, Cutler & Rausch, Waterloo, Iowa, for petitioner.

Allison W. Brown, Jr., James D. Donathen, Attys., William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., for respondent.

Before HEANEY, STEPHENSON and McMILLIAN, Circuit Judges.

## ORDER

Upon motion of the National Labor Relations Board, David D. Sutherland, d/b/a Maaco Auto Painting and Body Work, is found in civil contempt for having failed and refused to comply with the judgment of this Court entered on April 21, 1981, 646 F.2d 1273, in that he has failed to offer reinstatement to Donald Rubino, failed to post notices and failed to pay Court costs. There being no genuine issue as to any material fact, the National Labor Relations Board is entitled to a civil contempt adjudication as a matter of law.

It is, therefore, ordered that David D. Sutherland, his agents, successors and assigns, purge themselves of civil contempt by:

a. Conducting himself in all respects consistent with the April 21, 1981, judgment of this Court and the provisions of the Board's order thereby enforced.

b. Immediately offering Donald Rubino full reinstatement to his former position or, if that job no longer exists, to a substantially equivalent position, without prejudice to his seniority and other rights and privileges previously enjoyed, and making him whole for any losses suffered by reason of Sutherland's failure and refusal to reinstate him, said amount, unless agreed upon, to be computed by the Board in a supplemental proceeding, subject to review by this Court.

c. Preserving and, upon request, making available to the Board or its agents, for examination and copying, all books and records necessary to determine the amount of back pay due, and to monitor compliance.

d. Immediately posting the notice required to be posted by the Board's June 16, 1980, order as enforced by the Court, in the manner set forth therein.

e. Immediately paying the Board Court costs in the amount of $75.78.

f. Immediately posting in conspicuous places, including all places where notices to employees customarily are posted, for a period of sixty (60) consecutive days, an appropriate notice, in the form prescribed by the Board, signed by Sutherland, which states that Sutherland has been adjudicated in civil contempt of Court for disobeying and failing and refusing to comply with the judgment of this Court and that he will take the action in purgation ordered by the Court, a copy of the purgation order being posted alongside, and by maintaining such notices and adjudication in clearly legible condition throughout such posting period, and assuring that they are not altered, defaced or covered by any other material.

g. Filing a sworn statement with the Clerk of this Court and mailing a copy thereof to the Director of the Board's Eigh-

teenth Region within ten (10) days after the entry of the order of adjudication, and again at the end of the posting period, showing what steps have been taken by Sutherland to comply with the Court's directives, and making such further reports as the Court may require.

h. Reimbursing the Board for all costs and expenditures, including reasonable counsel fees, incurred by the Board in the investigation, preparation, presentation and final disposition of this proceeding.

The Board is directed to renew its motion to assess a fine against Sutherland if Sutherland fails to comply with this order within five (5) days of the date the order is served on him.